IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARK McKEAN

VS.                                                CIVIL ACTION NO. 2:05cv34-KS-MTP

UNIVERSITY OF SOUTHERN MISSISSIPPI,
DR. TIM HUDSON, DR. JAY GRIMES, DR.
SHELBY THAMES, DR. CHARLES ELLIOTT
AND DR. ELLIOT POOD

ORDER

This cause is before the Court on [26] Plaintiff's Motion to Remand or Alternatively to Suspend or Abate, Response thereto by Defendants, and Rebuttal by Plaintiff and the Court after considering the pleadings, authorities cited, and considering the issues, finds that the motions are not well taken and should be **denied** for the following reasons.

DISCUSSION

28 U.S.C. § 1447(c) states, "[A] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under § 1446(a)."

The Notice of Removal [1] was filed January 31, 2005. The Motion to Remand [26] was filed May 19, 2006, almost seventeen months after the removal. Movant has shown this Court no authority for ignoring the plain language of § 1447(c). Therefore, this Court is obligated to deny the Motion to Remand. See also, *In re Shell Oil Company*, 932 F. 2d 1518 (5th Cir. 1991) and *Wright and Miller & Federal Practice and Procedure*, § 3740 at 595 (2nd Ed. Supp. 1990).

Plaintiff does not seriously challenge jurisdiction in this Court, but claims that comity requires the case to be remanded. The authorities cited by the Plaintiff are unpersuasive.

Additionally, the request to suspend or Abate is not supported by the facts nor the cited cases. An abeyance would merely delay this action for no reason.

## CONCLUSION

For the reasons above stated the Court finds that the Motion to Remand or in the Alternative to Suspend or Abate should be and the same is, hereby **denied.**

SO ORDERED AND ADJUDGED on this, the 18th day of August, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE